**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-03223-SBP

DARLETTE "DEE" STATON,

Plaintiff,

v.

DAVID STEINER, Postmaster General, United States Postal Service,

Defendant.

---

## ORDER

---

**Susan Prose, United States Magistrate Judge**

This employment case is before the court on Defendant David Steiner's Motion for Summary Judgment, ECF No. 30, which has been fully briefed, ECF Nos. 31, 32. Exercising full jurisdiction with the consent of both parties, *see* 28 U.S.C. § 636(c)(1), the court finds that it lacks subject matter jurisdiction over Plaintiff Darlette Staton's remaining claims. Therefore, those claims are hereby DISMISSED WITHOUT PREJUDICE, and the Motion is DENIED AS MOOT.

## BACKGROUND

Plaintiff began working for the United States Postal Service ("USPS") in 2016. From 2017 to 2022, she worked at the Littleton Main Post Office as a city carrier, delivering mail and packages on her assigned route. During that time, she filed three equal employment opportunity ("EEO") charges. She subsequently transitioned to working as a supervisor at a post office in Aurora, Colorado.

On December 5, 2023, Plaintiff filed this lawsuit naming the USPS Postmaster General in his official capacity.[1] In her Second Amended Complaint, Plaintiff brings three claims for violation of Section 504 of the Rehabilitation Act of 1973 premised on disability discrimination, retaliation, and hostile work environment. ECF No. 8-1. A fourth claim, brought under the Age Discrimination in Employment Act , was dismissed for failure to state a claim. ECF No. 23. Plaintiff seeks monetary damages as well as injunctive relief.

## LEGAL STANDARD

### I. Subject Matter Jurisdiction

"In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action." *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1236 (D. Colo. 2021) (citing *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980)). Subject matter jurisdiction may not be waived, and "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

### II. Summary Judgment

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and

[1] Pursuant to Fed. R. Civ. P. 25(d), Defendant Steiner, in his official capacity, was automatically substituted as the Defendant in this case.

resolving all factual disputes and reasonable inferences in her favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52.

## ANALYSIS

USPS argues that the court lacks subject matter jurisdiction over Plaintiff's claims because monetary damages are not available under Section 504 for claims asserted against the federal government and because Plaintiff lacks standing to pursue injunctive relief. The court agrees with both arguments.

### I. Monetary Damages

Since filing her Second Amended Complaint Plaintiff has been steadfast in asserting that she brings her claims under Section 504 of the Rehabilitation Act. ECF No. 8-1 at 17-22. She has maintained this position in the July 2024 Scheduling Order, ECF No. 19 at 1-2, in her Response to Defendant's Motion, ECF No. 31 at 14-16, and, most recently, at the September 2025 Oral Argument, *see* ECF No. 36.

Meanwhile, USPS has consistently asserted, since at least the July 2024 Scheduling Order, that the United States has not waived sovereign immunity against awards of monetary damages under Section 504, relying primarily on *Lane v. Pena*, 518 U.S. 187, 192-93 (1996). There, the Supreme Court reiterated the principle that "[a] waiver of the Federal Government's

sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Id.* at 192 (citation omitted). The Court went on to conclude that "[t]he clarity of expression necessary to establish a waiver of the Government's sovereign immunity against monetary damages for violations of § 504 is lacking in the text of the relevant provisions." *Id.*

Relying on *Lane*, courts have consistently rejected the notion that monetary damages are available under Section 504. *See, e.g.*, *Jimenez v. U.S. Att'y Gen.*, 146 F.4th 972, 1001 (11th Cir. 2025); *Fox v. U.S. Postal Serv.*, No. 20-13176, 2021 WL 872088, at *3 (E.D. Mich. Mar. 9, 2021); *Brown v. Cantrell*, No. 11-cv-00200-PAB-MEH, 2012 WL 3264292, at *6 (D. Colo. Feb. 9, 2012), *report and recommendation adopted in relevant part*, 2012 WL 4050300 (D. Colo. Sept. 14, 2012)). Courts have separately concluded that Section 501 of the Rehabilitation Act "is the sole remedy for federal employees claiming disability discrimination." *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005); *accord Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1478 (10th Cir. 1988); *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (7th Cir. 1985).

In her Response, Plaintiff fails to acknowledge—much less refute—this case law, even though *Lane*, *Fox*, and *Mannie* are discussed in the Summary Judgment Motion. Nor does she cite any case where a plaintiff has obtained monetary damages under Section 504. This alone is enough to doom her claims for monetary damages. Instead, Plaintiff argues, much more broadly, that the Postal Reorganization Act includes a general waiver of the USPS's sovereign immunity which allows it "to sue and be sued in its official name." 39 U.S.C. § 401(1). But in the absence of further exposition or support, the court is not persuaded that this general waiver overrides the precedent above specifically addressing the applicable provisions of the Rehabilitation Act. *See*

*United States v. Porter*, 745 F.3d 1035, 1049 (10th Cir. 2014) (applying the statutory-construction canon that specific provisions prevail over contradictory general ones).

The court is also unmoved by Plaintiff's underdeveloped assertion that "the USPS is not truly a federal agency." Response at 15. Whatever that may mean in other contexts, Plaintiff has provided no principled basis why it should change the outcome here, particularly as *Fox*, *Johnson*, and *Boyd*, cited above, are also cases brought against USPS. Plaintiff's reliance on *Boehme v. U.S. Postal Service*, 343 F.3d 1260, 1264 (10th Cir. 2003), is misplaced. *Boehme* is a tort case, not an employment case, and it involves claims under the Federal Tort Claims Act, not the Rehabilitation Act.

At oral argument, Plaintiff cited *Franklin v. Gwinnett County Public School*s, 503 U.S. 60 (1992), in support of her position that monetary damages are available under Title VI and therefore should be available under Section 504. But in *Lane*, 518 U.S. at 192, the Supreme Court rejected the "superficial appeal" of that rationale. To the extent Plaintiff suggests jurisdictional issues should have been addressed at the motion to dismiss stage, the court will not neglect its ongoing obligation to ensure it has jurisdiction. *See Gwilt*, 537 F. Supp. 3d at 1236.

Because the government has not waived its sovereign immunity with respect to monetary damages in the context of Section 504, the court finds Plaintiff cannot meet her burden of proving subject matter jurisdiction. Accordingly, Plaintiff's claims for monetary damages fail.

## II. Injunctive Relief

Plaintiff contends that even if sovereign immunity bars her claims for monetary damages, she still has standing to pursue injunctive relief.

"To establish Article III standing, a plaintiff must show that: (1) she has suffered an

'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). When a plaintiff seeks prospective relief, she must satisfy the injury-in-fact requirement by showing she is "suffering a continuing injury or . . . under a real and immediate threat of being injured in the future." *Id.* "The threatened injury must be certainly impending and not merely speculative." *Id.* (quotation omitted). "Each element of standing must be supported with the manner and degree of evidence required at the pertinent, successive stages of the litigation." *Id.* at 1284.

Here, Plaintiff has failed to adduce any evidence of a "certainly impending" injury stemming from potential future violations of Section 504 by USPS. At the motion to dismiss stage, the court determined that only the claims encompassed in Plaintiff's second EEO charge were properly exhausted and could proceed in this case. ECF No. 23 at 9. Plaintiff's second EEO charge concerned allegations that USPS discriminated and retaliated against Plaintiff in 2020 (August through October), when she was a city carrier in Littleton, by assigning her an overburdened route and overly scrutinizing her performance. But given that Plaintiff has moved on to a different position as a supervisor at a different post office, the notion that she faces "certainly impending" injury by the conduct underlying the claims in her second EEO charge is supported only by speculation and conjecture. *See Tandy*, 380 F.3d at 1284. That is insufficient to demonstrate an injury in fact. In the absence of such a showing, Plaintiff has not met her burden of establishing standing to pursue injunctive relief.

## CONCLUSION

Accordingly, Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Defendant's Motion for Summary Judgment, ECF No. 30, is DENIED AS MOOT, and the Clerk is directed to CLOSE this case.

DATED: October 27, 2026

BY THE COURT:



Susan Prose
United States Magistrate Judge